IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COURTNEY CEPEDA, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No.  3:24-CV-00507-E |
| THE CITY OF ROCKWALL, | § § § | |
| Defendant. | § § | |

## OPINION & ORDER

Before the Court are Plaintiff's Motion to Remand, ECF No. 9; Defendant's Response, ECF No. 12; Plaintiff's Reply, ECF No. 13; Plaintiff's Motion to Reopen the Case and Request for a Status Conference, ECF No. 16; Defendant's Motion to Dismiss for Lack of Jurisdiction, ECF No. 8; Plaintiff's Response, ECF No. 10; and Defendant's Reply, ECF No. 11.  For the following reasons, the Court **GRANTS in part** ECF No. 16: the Court **GRANTS** the request to reopen the case but **DENIES** the request for a status conference **as moot**.  The Court **GRANTS** the Motion to Remand (ECF No. 9) and **DENIES as moot** the Motion to Dismiss (ECF No. 8).

## I.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim.  *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  To that end, federal courts have an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott*

*Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.") (citation omitted) (emphasis in original).

28 U.S.C. § 1441(a) permits the removal of "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction."  The statute allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in federal court." *Anderson v. Am. Airlines, Inc*., 2 F.3d 590, 593 (5th Cir. 1993).  In policing the precise boundaries of their limited jurisdiction, federal courts strictly construe the removal statute because "removal jurisdiction raises significant federalism concerns." *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988).  Therefore, "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." *Cross v. Bankers Multiple Line Ins.*, 810 F. Supp. 748, 750 (N.D. Tex. 1992).  The removing party has the burden of proving federal jurisdiction and, if challenged, that the removal was procedurally proper. *See Garcia v. Koch Oil Co. of Tex. Inc.,* 351 F.3d 636, 638 (5th Cir. 2003).

## II.    DISCUSSION

Plaintiff filed this admiralty action in state court, asserting claims pursuant to the savings-to-suitors clause of 28 U.S.C. § 1333 or Texas state tort law.[1]  Defendant removed this case, claiming that this Court has original jurisdiction pursuant to 28 U.S.C. §1331.[2]  The petition contains no other grounds for federal question jurisdiction.

Prior to 2011, it was well-settled that general maritime claims filed in state court under the savings-to-suitors clause of § 1333(1) could not be removed to federal court absent some other basis for federal jurisdiction. *See Earls v. Papasideris*, 4:22-cv-3554, 2023 WL3035379, *3 (S.D. Tex. March 17, 2023) (collecting cases); *see also Romero v. International Terminal Operating*

---

[1] Notice of Removal, Ex. 1(A) PLAINTIFF'S ORIGINAL PETITION, paragraphs III (3.1), ECF No. 1-1.
[2] Notice of Removal 3, ECF No. 1.

*Co.*, 358 U.S. 354 (1959) (finding that maritime jurisdiction and federal question jurisdiction are distinct).  There is now disagreement amongst courts about whether Section 1331's jurisdictional language can be read as an independent basis for removal in light of the updated 2011 removal statute language providing that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants...." 28 U.S.C.A. § 1441(a).  *See Ryan v. Hercules Offshore, Inc.,* 945 F. Supp. 2d 722 (S.D. Tex. 2013); *but cf Langlois v. Kirby Inland Marine, L.P.*, 139 F. Supp. 3d 804, 807-813 (M.D. La. 2015).  Although the Fifth Circuit has not provided guidance, most courts considering the issue have held that savings-to-suitor claims do not provide an independent basis for federal jurisdiction. *See Langlois*, 945 F. Supp. at 809-10 (collecting cases).  As explained by Judge Duval:

> Under Section 1441(a), removal of civil actions is permitted where the federal district court has "original jurisdiction" over the claim. Section 1333 provides jurisdiction to the federal court exclusively for *in rem* actions and concurrently with the state courts for *in personam* actions; without more, removal of maritime cases instituted in state courts appears to apply, superficially, under Section 1441(a). Yet Congress carefully wrought Section 1333 to balance interests of federalism and recognize historical development of maritime law in state courts by including the saving to suitors clause. Maritime claims initiated in state court are, by definition, brought at common law under the saving to suitors clause as an "exception" to the original jurisdiction of the federal courts. If state court maritime cases were removable under Section 1333, the effect would be tantamount to considering all maritime law claims as part of federal question jurisdiction under Section 1331, eviscerating the saving to suitors clause and undermining the holding and policies discussed at length in *Romero.* That the saving to suitors clause does not guarantee a non-federal forum but only common law remedy, a rule oft cited by the Fifth Circuit, does not lead to the conclusion that the suit is invariably removable. As already established, maritime law claims brought under the saving to suitors clause in state court have traditionally required some other basis of jurisdiction independent of Section 1333 to be removable, supported by practical reasons and sound policy.  Congress' 2011 amendments to Section 1441 do not alter this conclusion.

*Gregoire v. Enter. Marine Servs., LLC*, 38 F. Supp. 3d 749, 764 (E.D. La. 2014).

This Court agrees that the savings-to suitor-clause does not provide an independent basis for federal question jurisdiction.  Even if the Court were not convinced by the reasoning of the majority of its sister courts, the disagreement at most demonstrates an uncertainty about removability.  And this Court must resolve those doubts in favor of remand.  *Cross*, 810 F. Supp. at 750.

The Court also notes that Defendant argues that this Court should accept the case based on admiralty jurisdiction under Section 1333 but then dismiss the case for lack of subject matter jurisdiction because she cannot make out an admiralty law claim.[3]  This argument suggests this is exactly the sort of case contemplated by the savings clause where Congress intended to preserve the "traditionally exercised concurrent jurisdiction of the state courts in admiralty matters." *Romero*, 358 U.S. 354, 372 (1959).

### III.    CONCLUSION

Because the Court finds that savings-to-suitor claims do not provide an independent basis for removal and no other basis for federal question jurisdiction exists, the Court **ORDERS** that the case be **REMANDED** to the 439th Judicial District Court, Rockwall County, Texas.  The Clerk of Court is **DIRECTED** to transmit a certified copy of this Order to the appropriate clerk.

**SO ORDERED** this **30th day** of **April, 2026.**

Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[3] Notice of Removal 3, ECF No. 1 ("this Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331"); *cf.* Mot. to Dismiss 9-11, ECF No. 8 (arguing there is no federal subject matter jurisdiction).